**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHANGHUA CHEN,<br><br>                              Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Department of Homeland Security, et. al.,<br><br>                              Respondents. | Case No.:  26-cv-2158-BJC-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Changhua Chen, a citizen of China, entered the United States on May 3, 2025.  ECF No. 1 ¶¶ 1, 33; ECF No. 11 at 2.[1]  On the same day, Border Patrol took Petitioner into custody, and the Department of Homeland Security ("DHS") served Petitioner with a Notice and Order of Expedited Removal.  ECF No. 1 ¶ 2; ECF No. 11-2. After receiving a positive credible fear determination, DHS issued a Notice to Appear, which initiated removal proceedings.  ECF Nos. 11-3, 11-4.  Petitioner applied for asylum and withholding of removal.  ECF No. 1 ¶ 2.  Petitioner's individual merits hearing was

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

1

scheduled for May 5, 2026, but it was not held and has not been rescheduled.  ECF No. 16.

On April 6, 2026, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On April 16, 2026, this Court conditionally appointed Federal Defenders of San Diego, Inc. as counsel, set a briefing schedule on the petition, and issued a limited stay to preserve the *status quo*.  ECF No. 6.  Respondents filed a return on May 4, 2026, and Petitioner filed a traverse on May 12, 2026.  ECF Nos. 8, 9.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.").  Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner argues his detention without an individualized custody determination violates his right to due process because his detention has become prolonged.  Respondents argue Petitioner's claim is jurisdictionally barred, he is lawfully detained, and his detention is not unconstitutionally prolonged.

**I.  Jurisdiction**

Respondents contend Petitioner's claims arise from DHS's decision to commence removal proceedings and, therefore, his claims are jurisdictionally barred pursuant § 1252(g).  Congress explicitly divested the court of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  8 U.S.C. § 1252(g).  The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate

cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at \*6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)). Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991)).

Petitioner's claim, which challenges his detention as unconstitutionally prolonged, is merely collateral to, but does not arise from the decision to commence and adjudicate proceedings. *See Nguyen v. Fasano*, 84 F. Supp. 2d 1099, 1104 (S.D. Cal. 2000) ("Petitioners' challenge to their indefinite detention is [ ] distinct from a petition that seeks review of the bond determination itself."); *Alikhani v. Fasano*, 70 F. Supp. 2d 1124, 1126 (S.D. Cal. 1999) ("[A] challenge to the constitutionality of confinement pending deportation does not address any discretionary action by the Attorney General, and "does not implicate the three categories of unreviewable decisions specified in § 1252(g)."); *Diaz-Zaldierna v. Fasano*, 43 F. Supp. 2d 1114, 1117 (S.D. Cal. 1999) ("The propriety of holding petitioner without any possibility of release on bail is distinct from a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'"). Accordingly, § 1252(g) does not deprive this Court of jurisdiction to hear Petitioner's claims.

## II. Merits of the Petition

Petitioner contends his detention has become unconstitutionally prolonged. Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. §1225(b)(1). Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing violates due process rights. *See Gao v. LaRose*, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025) (listing cases). Additionally, the Supreme Court and the Ninth Circuit have recognized that indefinite prolonged detention of an alien raises due process concerns.

26-cv-2158-BJC-VET

*Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Accordingly, this Court finds prolonged detention without a bond hearing raises due process concerns that are inextricably linked to the length of incarceration.

Petitioner argues his detention is unconstitutionally prolonged pursuant to the factors in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019). Respondent addresses the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022), in support of their argument that Petitioner is lawfully detained. The Court finds the multi-factor test from *Banda*, which includes the three factors from *Lopez*, is more suitable to determine the possible constitutional implications of Petitioner's ongoing detention without process. The *Banda* test considers

> the (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Id*. at 1106.

To date, Petitioner has been in custody over a year. While not a bright line rule, generally, courts "become extremely wary of permitting continued custody absent a bond hearing" after a petitioner is detained past a year. *Yagao v. Figueroa*, No. 17-cv-2224-AJB-MDD, 2019 WL 1429582 at *2 (S.D. Cal. Mar. 29, 2019) (quoting *Muse v. Sessions*, No. 18-CV-0054 (PJS/LIB), 2018 WL 4466052, at *4 (D. Minn. Sept. 18, 2018)). As such, this factor weighs in favor of finding Petitioner's detention implicates due process concerns.

The likely duration of future detention also weighs in Petitioner's favor. Petitioner's

26-cv-2158-BJC-VET

individual meris hearing was vacated, and it has not yet been rescheduled. Additionally, depending on the result, Petitioner will likely file an appeal with the BIA and the Ninth Circuit Court of Appeals. Next, Petitioner is detained at Otay Mesa Detention Center, where conditions "are not dissimilar to criminal confinement." *Gao*, 805 F. Supp. 3d at 1111. As such, this factor weighs in Petitioner's favor. Because neither party has caused unreasonable delays, the delay factors are both neutral. Finally, the Court is without sufficient information to determine whether Petitioner's proceedings will result in removal. As such, the final factor is neutral. On balance, the factors demonstrate Petitioner's ongoing detention is unreasonable, such that due process requires a bond hearing. *Banda*, 385 F. Supp. 3d at 1118.

Accordingly, the petition is GRANTED. The government shall provide the noncitizen with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless the noncitizen requests a continuance. The government bears the burden of establishing by clear and convincing evidence that the noncitizen is a danger to the community or a flight risk if released. The government shall make a complete record of the proceedings available to the noncitizen and counsel. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: June 24, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-2158-BJC-VET